UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PATRICIA ROSSELL,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br><br>                      Defendant. | Case No.:  24-cv-1872-L-DDL<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**<br><br>**[ECF NOS. 12, 13]** |

In this wage-and-hour action, Defendant County of San Diego ("the County") filed a motion for summary judgment (ECF No. 12) and Plaintiff filed a motion for conditional certification of a collective action (ECF No. 13).  The motions are fully briefed.  (*See* ECF Nos. 14, 16, 18, and 21.)  The Court decides them on the briefs without oral argument.  *See* Civ. L.R. 7.1.d.1.  For the reasons stated below, the County's motion for summary judgment is granted in part.  Plaintiff's motion for conditional certification of a collective action is denied.

/ / / / /

## I.   BACKGROUND[1]

Plaintiff was employed by the County as a non-exempt hourly employee.  The parties agree that Plaintiff was eligible for benefits, including the Group Life and Accidental Death and Dismemberment Insurance Policy (the "Group Policy") in which Plaintiff participated.  (ECF No. 15, "Joint Statm." at 2.)  The County paid premiums to MetLife to administer employment benefits, including the Group Policy.  (*Id.*)  The County's premium contributions were irrevocable.  (*Id.*)  The County did not include these contributions in the regular rate of pay.  (*Id.*)  Accordingly, these contributions were also not included in the calculation of overtime pay.  Plaintiff claims that the County's contributions were a part of her compensation, and that the County's practice of excluding them from overtime pay was a willful violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  She seeks to recover, among other things, unpaid overtime as well as liquidated damages in the same amount for herself and a putative collective of similarly situated current and former County employees.  The Court has federal question jurisdiction under 28 U.S.C § 1331 because Plaintiff alleged a federal claim under the FLSA.

## II.   DISCUSSION

Pending before the Court is the County's motion for summary judgment.  The County maintains that the premiums paid for the Group Plan were properly excluded from the regular rate of pay under the FLSA, 29 U.S.C. § 207(e)(4).  Also pending is Plaintiff's motion for conditional certification of an FLSA collective action under 29 U.S.C. § 216(b).

### A.   Motion for Summary Judgment

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment or partial summary judgment on factually unsupported claims, defenses, or

---

[1]   Unless otherwise noted, the background facts are taken from the operative complaint.  (ECF No. 1, "Compl.")

issues.  Summary adjudication is appropriate if depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c)(1).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The moving party can meet its burden to demonstrate the absence of a genuine issue of material fact by either of two methods:

> produce affirmative evidence ... negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may ... meet its initial burden of production by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

If the moving party fails to discharge this initial burden of production, the motion must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).  If the moving party carries its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In this regard, the nonmoving party:

> must do more than simply show that there is some metaphysical doubt as to the material facts[, and] must come forward with specific facts showing that there is a genuine dispute for trial.  Where the record taken as a whole could

---

[2]    Unless otherwise noted, internal quotation marks, citations, footnotes, ellipses, and brackets are omitted from citations.

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In ruling on a motion for summary adjudication, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id*. at 651; *see also id.* at 657. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

"The FLSA generally prohibits an employer from requiring a covered employee to work more than forty hours in any workweek unless the employer pays the employee overtime compensation 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Sanders v. County of Ventura*, 87 F.4th 434, 437 (9th Cir. 2023) (quoting 29 U.S.C. § 207(a)(1)). The statute includes a definition, which provides, as relevant here, that:

> As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—[¶] contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees[.]

29 U.S.C. § 207(e)(4). The County bears the burden of establishing that its contributions are excluded from the regular rate of pay under a statutory exception. *Sanders,* 87 F.4th at 439.

### 1.   Life and Accidental Death and Dismemberment Insurance

The parties agree that the Group Policy meets all requirements of 29 U.S.C.

§ 207(e)(4), except whether it was a "bona fide plan." (*See* Joint Statm. at 2.) This term is not defined in the FLSA, *see Sanders,* 87 F.4th at 440, and the parties disagree what constitutes a "bone fide plan."

"The statutory requirement that a plan be 'bona fide' reflects the determination that employers should not be able to evade the FLSA's overtime rules through benefits programs designed to pay employees disguised compensation." *Sanders*, 87 F.4th at 440. Relying on the foregoing, the County argues that the term "bona fide plan" is not ambiguous, urging the Court to apply its plain meaning.

Based on this reasoning, the County claims that the Group Policy is a bona fide plan because, in addition to meeting the other section 207(e)(4) requirements, *i.e.*, irrevocable contributions to a third-party administrator for purposes of providing term life and accident insurance to its employees, the Group Policy was established in good faith in accordance with its written terms. (ECF No. 12-1, "Mot." at 5 (citing ECF No. 12-3, "McMahon Decl." ¶¶ 4, 5 & Ex. A; *see also* Joint Statm. at 2).)

Plaintiff does not dispute the County's evidence and does not contend that the County's premium payments to the Group Policy were disguised compensation or otherwise served any other purpose than to provide term life and accident insurance benefits. Accordingly, the County's evidence is undisputed.

Instead, Plaintiff argues that the term "bona fide plan" is ambiguous and, citing *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944), urges the Court to defer to the Department of Labor ("DOL") guidance under 29 C.F.R. § 778.215. The County counters that *Skidmore* deference is inappropriate in the absence of statutory ambiguity. The Court does not reach this issue because even with deference to DOL guidance, Plaintiff has not raised a genuine issue of material fact.

DOL regulations set forth conditions for exclusion of benefit-plan contributions from the regular rate of pay under 29 U.S.C. § 207(e)(4). 29 C.F.R. § 778.215; *see also Sanders,* 87 F.4th at 440. Plaintiff points to the first sentence of 29 C.F.R.

/ / / / /

§ 778.215(a)(5), which provides, "The plan must not give an employee the right to assign his benefits under the plan nor the option to receive any part of the employer's contributions in cash instead of the benefits under the plan[.]"

It is undisputed that the Group Policy includes a provision allowing employees to transfer their benefit as a gift or viatical assignment. (Joint Statm. at 2-3.)  Plaintiff argues that the assignment provision conclusively establishes that the Group Policy is not a bona fide plan under 29 C.F.R. § 778.215(a)(5).

The County counters by pointing to an exception to the no-assignment condition, which states in relevant part as follows:

> *Provided, however*, That if a plan otherwise qualified as a bona fide benefit plan under section 7(e)(4) of the Act,[3] it will still be regarded as a bona fide plan even though it provides, as an incidental part thereof, for the payment to an employee in cash of all or a part of the amount standing to his credit … during the course of his employment under circumstances specified in the plan and not inconsistent with the general purposes of the plan to provide the benefits described in section 7(e)(4) of the Act.

29 C.F.R. § 778.215(a)(5)(iii) (emph. in orig.).  The exception is consistent with the intent that "employers should not be able to evade the FLSA's overtime rules through benefits programs designed to pay employees disguised compensation." *Sanders*, 87 F.4th at 440.

The County claims that given the exception, it did not run afoul of DOL guidance notwithstanding the Group Policy's assignment provision.  Specifically, to the extent the Group Policy allows employees to gift their insurance benefit, the employee would receive no payment or other benefit upon transfer.  (*See* Joint Statm. at 3.)  The only other assignment allowed by the Group Policy is a viatical assignment of the term life insurance benefit.  (*See id.*)  An employee who made a viatical assignment would receive

---

3    Section 7(e)(4) of the Act refers to 29 U.S.C. § 207(e)(4).

24-cv-1872-L-DDL

a monetary benefit.  (*Id.*)  Typically, a viatical assignment can be made only when the insured employee suffers from a chronic or terminal illness.  (*Id.*)  As an alternative, the Group Policy includes an Accelerated Benefit Option ("ABO"), which allows the insured employee with a terminal or chronic illness to receive a percentage of his or her term life insurance benefit before death.  (*Id.* at 4.)  These facts are undisputed and the circumstances necessary for gift, assignment, or ABO are stated in the Group Policy.  (*See id.* at 3-4.)  The County argues that none of the options under the Group Policy – gift, viatical assignment, or ABO – show that the policy was designed to provide employees with disguised compensation and evade the FLSA's overtime rules.

Plaintiff does not address the County's argument.  Although Plaintiff cites 29 C.F.R. § 778.215(a)(5) in her complaint (Compl. ¶ 14), and the County discusses its application, including the exception under subsection (iii) (*see* Mot. at 11-13), Plaintiff fails to address the County's arguments in her opposition, even while professing that § 778.215(a)(5) is the basis of her sole contention (*see* ECF No. 14, "Opp'n" at 10).  Plaintiff does not dispute the limitations of the Group Policy's gift, assignment, and ABO provisions, and does not claim that they are inconsistent with the general purpose of the Group Policy to provide term life and accident insurance.  Accordingly, Plaintiff has not raised a genuine issue of material fact on the issue whether the Group Policy is a bona fide plan under 29 U.S.C. § 207(e)(4).

To the extent the County seeks summary adjudication on the issue whether the premiums paid for the Group Policy were properly excluded from regular rate of pay under the FLSA, 29 U.S.C. § 207(e)(4), its motion is granted.

2.    Other Employment Benefit Plans

The County does not merely seek summary adjudication as to the Group Policy, but summary judgment on all Plaintiff's claims.  (Mot. at 1.)  Plaintiff opposes this request, arguing that, consistent with allegations in her complaint (Compl. ¶¶ 15, 17), this action is not limited to the Group Policy, but encompasses other employment benefits, including Long-Term Disability Insurance Policy.  In reply, the County argues that the

24-cv-1872-L-DDL

long-term disability policy cannot support Plaintiff's claim of failure to include contributions in the regular rate of pay because the County made no contributions, and Plaintiff made all contributions herself.  (ECF No. 16, "Reply" at 9.)

The issue whether the County failed to include any contributions to the long-term disability policy or any other employment benefit in the regular rate of pay is unripe for consideration on the pending summary judgment motion because Plaintiff presented no evidence of any employment benefits other than the Group Policy until *after* the County pointed to the absence of evidence in its reply brief (*cf.* Reply at 9 n.5 *with* ECF No. 17," Pl.'s Errata" Ex. A), and because the County's substantive arguments relating to the long-term disability policy were raised for the first time in its Reply, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Furthermore, before they filed the pending motions, the parties agreed that the County's planned motion to determine "whether premiums paid for Plaintiff's life and accidental death and dismemberment plans were properly excluded under 29 U.S.C. § 207(e)(4) when calculating Plaintiff's regular rate of pay" would be a "motion for *partial* summary judgment."  (ECF No. 10, "Joint Stip." at 2 (emph. added); *see also id.* at 3-4.)

Based on the foregoing, to the extent the County seeks summary judgment on all Plaintiff's claims, its motion is denied.

### B.    Motion for Conditional Certification of FLSA Collective Action

Last, pending before the Court is Plaintiff's motion for conditional collective certification.  (ECF No. 13.)  Before the pending motions were filed, the parties agreed that the issue "whether premiums paid for Plaintiff's life and accidental death and dismemberment plans were properly excluded under 29 U.S.C. § 207(e)(4) when calculating Plaintiff's regular rate of pay" was a "*threshold* legal issue" the outcome of which would "determine[e] whether this Action can continue[.]"  (Joint Stip. at 2, 4 (emph. added).)  Specifically, "Plaintiff's counsel acknowledged that if the Court ultimately ruled that the employer-paid contributions that Plaintiff herself received were

24-cv-1872-L-DDL

properly excluded from her regular rate of pay, Plaintiff would have no claims remaining to further pursue, bringing resolution to this action." (*Id.* at 3.) Because the County's summary adjudication motion on the regular rate of pay issue is granted, Plaintiff's motion for conditional certification is denied.

## III. CONCLUSION

For the reasons stated above, the County's motion is granted on the issue whether the premiums paid for the life and accidental death and dismemberment insurance policy were properly excluded from regular rate of pay under the FLSA, 29 U.S.C. § 207(e)(4). The County's motion is denied in all other respects. Plaintiff's motion for conditional certification of a collective action under the FLSA, 29 U.S.C. § 216(b), is denied.

**IT IS SO ORDERED.**

Dated: March 2, 2026

Hon. M. James Lorenz
United States District Judge

24-cv-1872-L-DDL